UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CRIMINAL ACTION NO. 09-12-DLB-2

UNITED STATES OF AMERICA,                                                          PLAINTIFF,

V.                                **MAGISTRATE JUDGE'S
                                  REPORT AND RECOMMENDATION**

STEPHEN K. BROCK,                                                                  DEFENDANT.

This matter came before the Court for a final revocation hearing on August 16, 2012, as a result of a Supervised Release Violation Report dated July 27, 2012. The report outlines two (2) alleged violations of the terms of Defendant's supervised release. At the final hearing, Mr. Brock was present and represented by appointed counsel, Andy Markelonis, and the United States by and through Assistant United States Attorney Roger West standing in for Laura Klein Vorhees. Brock stipulated to Violations 1 and 2 as contained in the report, waived his right of allocution before a United States District Judge, and the parties jointly recommended a sentence of fifteen (15) months incarceration with no supervised release to follow. The matter now stands submitted for a recommendation from the undersigned. For the reasons that follow, the undersigned will recommend that Mr. Brock be found guilty of Violation Nos. 1 and 2 based on his stipulation, and that the Court impose a sentence of fifteen (15) months of incarceration with no supervised release to follow.

**FINDINGS OF FACT**

At the hearing on August 16, 2012, Mr. Brock admitted to illegal possession and use of Percocet during the term of his supervised release as outlined in the report. The stipulated conduct establishes, by a preponderance of the evidence, that the Defendant has committed the following

violations of supervised release:

(1) The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. (Violation No. 1); and,

(2) The defendant shall not commit another federal, state, or local crime. (Violation No. 2).

## **RECOMMENDATION**

In making a recommendation regarding the imposition of sentence, the undersigned has considered the following factors set forth in 18 U.S.C. § 3553:

(i) The nature and circumstances of the offense. In the instant matter, the Defendant admitted to illegal possession and use of a controlled substance, Percocet (Oxycodone). Due to the Sixth Circuit Court of Appeal's finding that use of Oxycodone is the equivalent of possession and considering the Defendant's prior drug conviction, the Defendant's simple possession of Oxycodone is a violation of 21 U.S. C. § 844(a), a Class E. Felony, a Grade B Violation of his supervised release.

(ii) The history and characteristics of the defendant. On November 7, 2009, Defendant was sentenced to a term of thirty-three (33) months imprisonment to be followed by a three-year term of supervised release, following his guilty plea to a violation of Conspiracy to Distribute and Possess a Controlled Substance (Oxycodone), a violation of 21 U.S.C. §846. Defendant began his term of supervised release on December 16, 2011. The instant matter is Defendant's first occasion for violation of the terms of supervised release. Significantly, however, on December 16, 2011, the Defendant admitted to United States Probation Officer Allison Biggs that on December 15th, 2011, while still in Bureau of Prisons custody and at a halfway house, he illegally took a Lortab tablet that had not been prescribed to him. Mr. Brock's monthly reports indicate that he has been employed at

Hunter Manufacturing in Lexington, Kentucky since April 2012. Defendant has failed to submit any proof of earnings, and Defendant's probation officer, Jon Rapier, was unable to make contact with the Defendant's reported supervisor at the time he filed the Supervised Release Violation Report. Further, Mr. Brock has advised his probation officer that substance abuse classes do not help him and that he did not know of anything treatment related that would be useful.

(iii) The need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense; to afford adequate deterrence to future conduct; and to protect the public from further crimes of the Defendant. The Court notes that the parties and Mr. Brock jointly recommend a sentence exceeding the guideline range, fifteen (15) months with no supervised release to follow. Considering the Defendant's criminal history category, the instant and past violations in this matter, and his personal history and struggle with drug addiction, the Court finds that the joint recommendation is reasonable and sufficient to address the concerns embodied in 18 U.S.C. § 3553.

(iv) In the instant matter, the most serious of the violations committed by the Defendant is a Grade B violation, and under § 7B1.4(a), based on the Defendant's criminal history category of II, the guideline range of imprisonment would be 6 to 12 months. The maximum statutory period of imprisonment would be a term of not more than 24 months. See 18 U.S.C. § 3583(e)(3). The Guidelines are, of course, advisory in nature, to be considered by the District Judge along with all relevant factors in exercising his sentencing discretion.

For the reasons stated herein, IT IS RECOMMENDED AS FOLLOWS:

(1) That the Defendant be found to have committed the Violations 1 and 2 as outlined above;

(2) That the Defendant be sentenced without delay to a period of fifteen (15) months incarceration, with no supervised release to follow upon release from custody.

Signed August 17, 2012.

Signed By:
*Edward B. Atkins*  EBA
United States Magistrate Judge